IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 15-317 |
| ALEXANDER PEREZ-ORTIZ | : |

**MEMORANDUM OPINION**

**Schmehl, J. s/JLS**                                                                                                               December 7, 2021

       Defendant Perez-Ortiz seeks Federal Habeas Corpus relief under 28 U.S.C. section 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government argues that the Motion should be denied because the defendant is serving a concurrent sentence, and presents no claim of innocence as required by applicable law to gain relief. For these reasons, the Court denies the Motion.

**I.**      **FACTUAL BACKGROUND**

       Between January 12, 2015, and March 25, 2015, a confidential informant bought methamphetamine from the defendant inside the defendant's home at 646 North 13th Street in Reading, Pennsylvania on four occasions. (Gov't Resp., ECF #37, at 1.) On March 25, 2015, within 48 hours of the fourth controlled buy, police obtained a search warrant for that address. *Id.*

       On the morning of March 26, 2015, at about 6:30 am, a search team executed the search warrant at 646 North 13th Street and found Mr. Perez-Ortiz on the third-floor bedroom. *Id.* at 1-2. Mr. Perez-Ortiz admitted that he was engaged in the sale of methamphetamine and stated that he had drugs and guns in a bookbag in the attic. *Id.* at 2. The search team found the bookbag containing methamphetamine and a bag that had an address label with Perez-Ortiz's name and

address. *Id.* The bookbag also contained three scales, a variety of drug packaging, six handguns, and ammunition. *Id.*

The drugs seized in the search were tested and consisted of 94.24 grams of methamphetamine mixture and 2.8 grams of powder cocaine. *Id.* The firearms seized in the search were examined, and an ATF expert in the interstate nexus of firearms was consulted. *Id.* In sum, the guns were firearms within the meaning of federal law, and each traveled in interstate or foreign commerce prior to their seizure from the possession of Mr. Perez-Ortiz. *Id.* At the time, Mr. Perez-Ortiz had a prior conviction for a crime punishable by imprisonment for a term exceeding one year, therefore, he was barred from possessing firearms by federal law pursuant to 18 U.S.C. section 922(g)(1). *Id.* at 2-3.

Mr. Perez-Ortiz was indicted by a federal grand jury on July 9, 2015. *Id.* at 3. The Indictment charged him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. sections 841(a)(1), (b)(1)(B) (Count One); possession with intent to distribute cocaine in violation of 21 U.S.C. section 841(a)(1), (b)(1)(C) (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. section 924(c)(1) (Count Three), and possession of a firearm by a convicted felon in violation of 18 U.S.C. section 922(g)(1) (Count Four). *Id.* He entered a guilty plea to all Counts on June 15, 2016. *Id.* Mr. Perez-Ortiz was sentenced to 84-months imprisonment on Counts 1, 2 and 4, each concurrent to the other, and a consecutive term of imprisonment of 36-months imprisonment on Count 3, rendering a total sentence of 120-months imprisonment. *Id.*

Mr. Perez-Ortiz is 37 years old and is serving his sentence at FCI Petersburg Medium. *Id.* He has an estimated release date of September 25, 2022. *Id.* On May 26, 2020, he filed the

present Motion under section 2255 challenging his conviction in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

**II.      STANDARD OF REVIEW**

Section 2255 permits a prisoner sentenced by a Federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the files and records of the case conclusively show that the prisoner is entitled to no relief, the court need not hold a hearing on the Motion. 28 U.S.C. § 2255(b).

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 Motion that he raised on direct review." *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Courts will exempt a convicted defendant from that rule if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for, and prejudice resulting from, the default. *Bousley*, 523 U.S. at 622. The defendant bears the burden of showing that his section 2255 Motion has merit, *see United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005), however, *pro se* defendants are entitled to a liberal construction. *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

**III.     ANALYSIS**

Although not stated in his section 2255 Motion, Mr. Perez-Ortiz presumably seeks to vacate or correct his sentence because the Government was required to prove that Mr. Perez-Ortiz knew he belonged to the class of persons barred from possessing firearms under 18 U.S.C. section 922(g) in light of *Rehaif*.

**A.     Concurrent Sentence Doctrine**

"Under the concurrent sentence doctrine, a court has 'discretion to avoid resolution of legal issues affecting less than all counts in an indictment if at least one will survive and sentences on all counts are concurrent.'" *Parkin v. United States*, 565 F. App'x 149, 152 (3d Cir. 2014) (quoting *United States v. McKie*, 112 F.3d 626, 628 n.4, 36 V.I. 367 (3d Cir. 1997)). The doctrine "may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986).

The only offense Mr. Perez-Ortiz may conceivably challenge in light of *Rehaif* is his conviction under section 922(g). However, vacating this conviction would have no impact on his current sentence because the Court sentenced Mr. Perez-Ortiz to serve 84 months on two other counts concurrently to his section 922(g) count. His section 2255 Motion, based on his conviction under section 922(g), would have no effect on the other counts he was sentenced for. Therefore, under the concurrent sentence doctrine, Mr. Perez-Ortiz's section 2255 Motion is without merit.

**B.     Relief Under *Rehaif***

A defendant may seek relief under section 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. section 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

4

Construing his pleading liberally, the Court assumes that the relief Mr. Perez-Ortiz seeks is based on the claim that he was unaware that he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and therefore, unaware that his possession of a firearm violated section 922(g). However, because Mr. Perez-Ortiz failed to previously raise this claim at trial or on direct appeal, he has procedurally defaulted this claim and may only raise it here if he can "first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

Mr. Perez-Ortiz cannot demonstrate cause because, although *Rehaif*'s prevailing argument as to knowledge of status was denied in earlier appellate decisions, a claim of "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" unless the claim was so novel that its legal basis was not "reasonably available to counsel." *Id.* at 622-23. Mr. Perez-Ortiz's claim is not novel because the question presented in *Rehaif* was discussed in Courts of Appeals decisions over the years. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018). Thus, Mr. Perez-Ortiz cannot show cause.

Actual innocence, on the other hand, requires a defendant to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citation omitted). While *Rehaif* requires the Government to prove that a defendant knew of his status as a person, it does not require proof that a defendant knew his possession of a firearm was illegal. *See United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). Mr. Perez-Ortiz must show that it is more likely than not that no

reasonable juror would have found that he knew of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year. The undisputed presentence report establishes that Mr. Perez-Ortiz pled guilty in state court on September 7, 2010, to drug distribution in two cases for the sale of cocaine to an undercover police officer, and he was sentenced to serve not less than 12 months and no more than 36 months in prison in both cases. He served a total of 20 months in prison for that sentence. Mr. Perez-Ortiz cannot establish actual innocence under *Rehaif* because he cannot demonstrate that it is more likely than not that no reasonable juror would conclude that he knew of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed a firearm.

IV.  **CONCLUSION**

For the foregoing reasons, the Court denies Mr. Perez-Ortiz's Motion to vacate or correct his sentence based upon the Supreme Court's decision in *Rehaif*, and the Court finds no need to hold a hearing on the matter.